UNITED STATES *v.* TOBEY.*

(*District Court, E. D. Pennsylvania.* February 27, 1882.)

DEATH OF SEAMAN — SALE OF HIS EFFECTS — RIGHT OF MASTER TO DEDUCT AMOUNT DUE SHIP.

 Where the master of a vessel sells at the mast the effects of a deceased seaman, and accounts to a shipping commissioner for the proceeds, in accordance with section 4538, Rev. St., he cannot deduct from such proceeds the amount due the ship by the sailor for wages advanced but not earned.

Motion for judgment *non obstante veredicto.* This was a suit by the United States against the master of a vessel to recover the proceeds of a seaman's effects. On the trial it appeared that Peter Rouel, a seaman on the ship Santa Clara, died during a voyage from San Francisco to Queenstown. He had at the time of his shipment at San Francisco received $75 advance wages. After his death his effects were sold by the master according to law, at the mast, under section 4538, Rev. St. At this sale his effects, including a $20 gold

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

piece in decedent's possession, amounted to $49.60. Upon the arrival of the ship at Philadelphia the master reported the sale to a shipping commissioner and stated the seaman's accounts as follows:

| | |
|---|---:|
| Amount of advance, | $75 00 |
| Duration of service, 1 month and 21 days, at $25 per month, | 42 50 |
| | $32 50 |
| Amount received from effects, | $49 60 |
| Amount due ship, | 32 50 |
| Paid to shipping commissioner, | $17 10 |

The shipping commissioner denied the right of the master to make any deduction from the proceeds of the seaman's effects, and to test the right to make such deduction this suit was brought.

The court directed a verdict for plaintiff for the whole proceeds, reserving the point whether the master should have paid the whole sum of $49.60 to the shipping commissioner for payment into court, or was entitled to deduct the amount due by the seaman.

Defendant moved for judgment *non obstante veredicto*.

*John K. Valentine*, U. S. Dist. Atty., for plaintiff.

*Henry R. Edmunds*, for defendant.

BUTLER, D. J., (*orally*.) Judgment must be entered for the plaintiff on the verdict. The language "the total amount of deduction, if any, to be made therefrom," found in specification 3 of section 4538, applies only to *wages due the deceased* mentioned in this specification. The proceeds of the effects of the deceased must be paid to the shipping commissioner or accounted for, as provided by the section. No deductions from such proceeds can be made on account of any claim due the vessel by the deceased.

The question stated in the opinion of the district judge was argued also before Circuit Court Judge McKENNAN, as if on a writ of error from the circuit court, who said:

I am entirely satisfied that the judgment directed by the district judge is right, and therefore concur with him in the construction given to the act of congress.